IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA       )
                              )
       v.                )    CR. NO. _____03-235-N_____
                              )
                              )
SIDNEY BRIAN BRADLEY      )           **FILED**
                              )

## PLEA AGREEMENT

DEC 29 2003

DEFENSE COUNSEL:         TERRY SMYLY

CLERK
ASSISTANT U.S. ATTORNEY:    STEPHEN P. FEAGA   U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

**COUNT AND STATUTES CHARGED**:

**COUNT 1**         **21 USC § 846 (Conspiracy to distribute "Ice" Methamphetamine)**
Any person who ... conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the ... conspiracy.

**COUNTS 2 & 3**    **21 USC § 841(a)(1) (Distribution and Possession with the intent to distribute "Ice" Methamphetamine)**
...it shall be unlawful for any person knowingly or intentionally--(1) to...manufacture, distribute, or ...possess with intent to ...distribute...a controlled substance.

**COUNT 4**         **18 USC § 924(c)(1)(A) (use, possess, carry, a firearm during drug trafficking offense**
Whoever, during and in relation to any crime of violence or drug trafficking crime for which he may be prosecuted in a court of the United States, uses or carries, a firearm, or who in furtherance of such crime possesses a firearm, shall in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment five years.

**COUNT PLEADING PURSUANT TO PLEA AGREEMENT:**

**COUNT 1**     **21 USC § 846 (Conspiracy to distribute "Ice" Methamphetamine)**

**COUNT 4**     **18 USC § 924(c)(1)(A) (use, possess, carry, a firearm during drug trafficking offense**


**MAXIMUM PENALTY**

**COUNT 1**
    **21 U.S.C. Section 846**
    NMT $4,000,000, twice gross loss, etc.;
    NLT 10Y, NMT Life, or both;
    NLT 5Y SUP REL;
    $100 Assessment Fee; VWPA

**COUNT 4**
    **18 USC Section 924(c)(1)(A)**
    NMT $250,000, twice gross loss, etc.;
    NLT 5Y, consecutive to Drug Trafficking Crime, or both;
    NMT 3Y SUP REL;
    $100 Assessment Fee; VWPA

**ELEMENTS OF THE OFFENSE:**

**COUNT 1**
    **21 U.S.C. Section 846**

    First:    That two or more persons in some way or manner,
              came to a mutual understanding to try to accomplish
              a common and unlawful plan, as charged in the
              indictment; and

    Second:   That the defendant, knowing the unlawful purpose of
              plan, willfully joined in it.


**COUNT 4**
    **18 USC Section 924(c)(1)(A)**
    The defendant did use or carry during and in relation to, or
    did possess in furtherance of, a drug trafficking offense, a
    firearm;

              * * * * * * * * * * * * * * * * * * * * * *

2

Stephen P. Feaga, Assistant United States Attorney, and Terry Smyly, attorney for the defendant, pursuant to the provisions of Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties in the following respects:

## GOVERNMENT'S PROVISIONS

1.   Upon entering a plea of guilty by the defendant to the offenses charged in Counts 1 and 4 of the Indictment, the attorney for the Government will do the following:

a.  The government agrees to recommend that the defendant receive three (3) points for acceptance of responsibility and that the defendant will receive three points for acceptance of responsibility.

b.  The government agrees that if in the judgement of the United States Attorney for the Middle District of Alabama the defendant provides substantial assistance to the government in the form of truthful statements and testimony, when called upon for same by the United States, the United States will file a motion under Section 5K1.1 of the United States Sentencing Guidelines asking the court to reduce the defendants total monthly sentence by 50 percent.  The government acknowledges that the defendant is

3

providing substantial assistance to the government at this time.

c.  The government agrees that the quantity of the drugs is more than 500 grams and less than 1.5 kilograms of "ice" methamphetamine.

d.  The application of the guidelines as contemplated above after a reduction for substantial assistance will result in a sentence of 97 months in prison.  If the court, other than for the reason described in paragraph 3.b. below, does not grant a substantial assistance motion by the government as described above, or sentences the defendant to a period of incarceration which exceeds 97 months, other than for the reason described in paragraph 3.b. below, the defendant may withdraw his plea.  At sentencing the United States will dismiss the remaining counts of the indictment to which the defendant has not pled guilty.

e.  The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

2.  Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence.  Defendant expressly waives the right to appeal the sentence on any other grounds and waives

the right to attack the sentence in any post-conviction proceeding. The defendant does not waive the right to appeal based on ineffective assistance of counsel or prosecutorial misconduct.

Notwithstanding the above, the defendant reserves the right to file a direct appeal from an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either USSG § 4A1.3 (from criminal history) or §5K2.0 (from offense level). The defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

In return for the above waiver by the defendant, the government does not waive its right to appeal the sentence imposed in the instant case. The government does not waive its right to appeal any order dismissing the indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver.

## DEFENDANT'S PROVISIONS

3.   The defendant agrees to the following:

a.   To plead guilty to Counts 1 and 4 of the indictment

5

and that the drug quantity for his case is between 500 grams and 1.5 kilograms of ice methamphetamine.   The defendant agrees to continue providing substantial assistance by providing truthful testimony when called upon to do so.   The defendant agrees to forfeit any property interest he may have in any firearms connected with this offense.

      b.   Additionally it is understood between the parties that should the defendant violate any local, state, or federal criminal law the defendant will be deemed to have violated the terms of this agreement thereby releasing the United States from its obligation under this agreement and the defendant will not be allowed to withdraw his guilty plea under these circumstances.

## **FACTUAL BASIS**

      c.   The defendant understands the nature of the charges to which the plea is offered involves proof as to Counts 1 and 4 as follows:

### COUNT 1

That from an unknown date, but commencing at least as early as on or about April 1, 2002, and continuing thereafter until on or about August 12, 2003, the exact dates being unknown to the Grand Jury, in Autauga, Elmore, and Montgomery Counties, within the Middle District of Alabama, and elsewhere,

SIDNEY BRIAN BRADLEY,

defendant herein, did knowingly and intentionally conspire, combine

6

and agree together and with Calvin Lavalle Couch, Joseph Adam Sullivan, and other persons known and unknown to the Grand Jury, to distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

<u>COUNT 4</u>

On or about the 12th day of August, 2003, in Montgomery County, within the Middle District of Alabama,

SIDNEY BRIAN BRADLEY,

defendant herein, did knowingly, use and carry, during and in relation to, and possess in furtherance of, a drug trafficking offense, namely possession with the intent to distribute methamphetamine as charged in Count 3, a drug trafficking crime prosecutable in a Court of the United States, a firearm, to wit: a Glock Model 23, .40 caliber pistol, Serial Number EFB121, all in violation of Title 18, United States Code, Section 924(c)(1)(A).

**<u>DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT</u>**

4.   The defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

a.   The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's

7

authorization and consent.

b.   The defendant further understands that pursuant to Title 18, United States Code, Section 3013, a $100 assessment is to be paid by the defendant on the date of sentencing and that if a fine and/or restitution is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an honest, good faith effort to pay the said fine and/or restitution as directed by the Financial Litigation Section of the United States Attorney's Office.  The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

c.   The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d.   The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against

the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court.

e. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

f. Defendant further understands and advises the Court that the plea agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge and consent.

9

g.   The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

h.   The defendant further advises the Court that it is understood that the Government can only make a recommendation which is not binding on the Court, and that the defendant understands that after the entry of the guilty plea, the defendant may only withdraw the defendant's plea if the Court rejects this agreement.

i.   The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

j.   The Defendant is satisfied that defense counsel has been competent and effective in representing defendant.

5.   The undersigned attorneys for the Government and for the

10

defendant represent to the Court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended.  The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind.  Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

    6.  The defendant understands that the U.S. Probation Office

will prepare a presentence investigation report for the Court.  The
Probation Officer will consider defendant's conduct related to the
offense to which the plea is offered, as well as the defendant's
criminal history.  The offense level or criminal history category,
as calculated by the Probation Officer and determined by the Court
may differ from that projected by defendant's counsel or the U.S.
Attorney.  In the event that the Court determines defendant's
offense level or criminal history category to be higher than
defendant anticipated, the defendant will have no right to withdraw
the plea unless the court rejects the plea agreement.

This _____ day of _DECEMBER_ , 2003.

                    Respectfully submitted,

                    LEURA GARRETT CANARY
                    UNITED STATES ATTORNEY


                    _____
                    Louis V. Franklin, Sr.
                    Assistant United States Attorney

                    _____
                    Stephen P. Feaga
                    Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, TERRY SMYLY.

Sidney Brian Bradley
Defendant

12-24-03
Date

Terry Smyly
Attorney for the Defendant

12-29-03
Date